SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MEDICAL IMAGING CORP.,
                    Plaintiff,

        - against -

PARTNERS IMAGING HOLDINGS LLC,
                    Defendant.

Index No. _____/2017

**SUMMONS**

To:      The above-named Defendant

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the
Complaint of Plaintiff herein and to serve a copy of your answer on Plaintiff at the address
indicated below within 20 days after service of this Summons (not counting the date of service) or
within 30 days after service is complete if the Summons is not delivered personally to you within
the State of New York.

        PLEASE TAKE NOTICE that should you fail to answer, a judgment may be entered
against you by default for the relief demanded in the Complaint.

Dated: September 26, 2017
       New York, New York

STORCH AMINI PC

/s/ Jeffrey Chubak
Jeffrey Chubak
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
jchubak@storchamini.com

*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MEDICAL IMAGING CORP.,
                    Plaintiff,

        - against -

PARTNERS IMAGING HOLDINGS LLC,
                    Defendant.

---

Index No. _____/2017

**COMPLAINT**

Plaintiff Medical Imaging Corp. hereby alleges:

## NATURE OF ACTION

1.      By this action, Plaintiff seeks damages resulting from Defendant's breach of certain representations and warranties under an Asset Purchase Agreement, dated August 28, 2014 (the "Purchase Agreement").

## PARTIES

2.      Plaintiff is a healthcare company focused on medical diagnostic imaging that is incorporated and headquartered in Nevada.  It is the sole member of each of the Companies (defined below).

3.      Defendant is a Florida LLC, whose members—Richard M. Goldberg, M.D. and Roman Rozin, M.D. —are Florida citizens.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action and venue is proper in this Court under Section 8.9 of the Purchase Agreement.

## BACKGROUND

**I.      BREACH OF SECTION 3.9(c) (AHCA License Representation and Warranty)**

5.      Defendant sold its ownership interest in three diagnostic imaging companies— Partners Imaging Center of Venice, LLC, Partners Imaging Center of Naples, LLC, and Partners

Imaging Center of Charlotte, LLC (together, the "Companies")—to Plaintiff pursuant to the Purchase Agreement on or about October 31, 2014.  A copy of the Purchase Agreement is attached as Exhibit 1, and a copy of the accompanying Disclosure Schedule is attached as Exhibit 2.

6.     In addition, to ensure continuity of services by the Companies post-October 31, 2014, Plaintiff and Defendant entered into a Professional Services Agreement, dated October 31, 2014 but effective as of November 1, 2014 ("Billing Agreement"), pursuant to which Defendant agreed to provide billing and collection services to the Companies starting November 1, 2014 for a fixed period, in exchange for a percentage of amounts collected by Defendant on their behalf.

7.     After November 1, 2014, Plaintiff advised Defendant that it believed Defendant breached its obligation under Section 3.9(c) of the Purchase Agreement to disclose all permits needed for Plaintiff to conduct the business, as the corresponding Section of the Disclosure Schedule omitted the Agency for Healthcare Administration ("AHCA") licenses for the Companies needed pursuant to Fla. Stat. § 400.991(1)(a).[1]

8.     The absence of AHCA licenses for the Companies precluded Plaintiff from lining up independent billing arrangements for the Companies after November 1, 2014, as originally contemplated, as absent such licenses the Companies could not enter into billing arrangements with government payors (*i.e.*, Medicare or Medicaid) or private payors (*i.e.*, insurance companies) (together, "Payors").

9.     Upon discovery of the omission, Plaintiff promptly caused the Companies to commence the AHCA license application process.

---

[1] Defendant subsequently advised Plaintiff the Companies had no obligation to achieve AHCA licensure prior to October 31, 2014 as the Companies were physician-owned and therefore did not qualify as a "clinic" under Fla. Stat. § 400.9905(4).  The Companies, however, never disclosed any exemption certificates under Fla. Stat. § 400.9935(6) in Schedule 3.9(c) (or the need for an exemption).

2

10.    Plaintiff, however, had not yet achieved licensure as expiration of the Billing Agreement's term neared, and so remained entirely dependent on Defendant to provide billing and collection services because of the lead time required to apply for and obtain AHCA licenses on the Companies' behalf and, on receipt of the same, enter into billing arrangements with Payors.

11.    Defendant conditioned the continuation of the Billing Agreement's term on Plaintiff's and the Companies' signing a Global Amendment Agreement, dated March 11, 2015 (the "Amendment"), Section 4 of which extended the Billing Agreement's term, and Section 17 of which included a release by Plaintiff of "(i) any claim, under the [Purchase Agreement] that [Defendant] did not disclose one or more license requirements or an exemption from any license requirement for the Company," effective as of a later date (described below).

12.    The Companies had not yet been awarded AHCA licenses as expiration of the Billing Agreement's term under the Amendment neared.  Defendant conditioned the further continuation of the Billing Agreement's term on Plaintiff's and the Companies' signing a Modification Agreement, dated June 1, 2015, Section 1.A of which further extended the Billing Agreement's term, and Section 1.D-E of which provided that the above-referenced release would become effective, with respect to each Company, on the earlier of its receipt of an AHCA license or July 31, 2015.

13.    The Billing Agreement's term was subsequently further extended by the parties.

14.    Plaintiff submits the release in Section 17 of the Amendment is unenforceable as both the Amendment and Modification Agreement are procedurally unconscionable adhesion contracts, insofar as Plaintiff and the Companies had no choice but to execute the same given that they had no alternative means of obtaining payment for medical diagnostic imaging services the Companies were rendering, and Plaintiff's only alternative was to shut the Companies down.

3

15.     The Companies were subsequently awarded AHCA licenses, effective on or about October 1, 2015, but were fined $137,500 by the AHCA for operating without the same, an amount considerably lower that AHCA's initial proposed fine for the Companies, which reduction Plaintiff negotiated.

16.     Although the Companies were able to start billing certain Payors promptly on receipt of AHCA licenses, they remained dependent on Defendant to bill other Payors because of the lead time required to finalize billing arrangements with them.  Accordingly, the parties' billing arrangement continued with respect to certain Payors for several additional months, with the parties' arrangement fully terminating in August 2016.

## II.     BREACH OF SECTION 3.6 (Tax Representation and Warranty)

17.     Defendant represented in Section 3.6 of the Purchase Agreement that the Companies were current on their respective tax obligations as of August 28, 2014, the date of the Purchase Agreement.

18.     After August 28, 2014, however, the Companies received demands for payment of past due property taxes relating the period preceding said date.   Specifically, the Sarasota County Tax Collector demanded $41,382 in property taxes for the 2010 tax year, while the Charlotte County Tax Collector demanded $8,949 for 2010 taxes.

19.     In addition, the Sarasota County and Charlotte County Tax Collectors advised Plaintiff that prior to August 2014 they have made prior demands on the respective Companies for the collection of said taxes.

## COUNT 1
### Breach of Contract—APA § 3.9(c)

20.     Plaintiff repeats and realleges the allegations in the preceding paragraphs as if separately set forth herein.

4

21.    Defendant represented in Section 3.9(c) of the Purchase Agreement that it disclosed all material permits needed for operation of the Companies' business.

22.    Defendant's representation was false when made, as none of the Companies had an AHCA license.

23.    As a result of that false representation, Plaintiff, as the Companies' purchaser, suffered damages of (a) $137,500 in AHCA fines, (b) attorneys' fees associated with obtaining AHCA licenses for the Companies, and (c) billing service charges the Companies were forced to pay Defendant from and after entry into the Amendment as a direct result of such breach.

24.    Plaintiff seeks judgment in the foregoing amount, plus reasonable attorneys' fees incurred in prosecuting this action under Section 7.1(a) of the Purchase Agreement, and prejudgment interest.

## COUNT 2
### Breach of Contract—APA § 3.6

25.    Plaintiff repeats and realleges the allegations in the preceding paragraphs as if separately set forth herein.

26.    Defendant represented in Section 3.6 of the Purchase Agreement that the Companies were current on their taxes, and no taxes were due and owing.

27.    Defendant's representation was false when made, as the Sarasota and Charlotte County Tax Collectors have demanded $50,331 in taxes incurred prior to the parties' entry into the Purchase Agreement.

28.    As a result of Defendant's false representation, Plaintiff suffered damages in the amount of the Companies' total stated tax liability to the Sarasota and Charlotte County Tax Collectors, including interest and penalties on the foregoing amount.

5

29.     Plaintiff seeks judgment in the foregoing amount, plus reasonable attorneys' fees incurred in prosecuting this action under Section 7.1(a) of the Purchase Agreement, and prejudgment interest.

WHEREFORE, Plaintiff demands judgment in the amount of (a) $137,500 in AHCA fines, plus attorneys' fees associated with obtaining AHCA licenses for the Companies and billing service charges the Companies paid Defendant from and after entry into the Amendment, and (b) $50,331 in back taxes, plus interest and penalties on the foregoing amount; and (c) reasonable attorneys' fees incurred in prosecuting this action and prejudgment interest.

Dated: September 26, 2017          STORCH AMINI PC
       New York, New York

                                   /s/ Jeffrey Chubak
                                   Jeffrey Chubak
                                   140 East 45th Street, 25th Floor
                                   New York, New York 10017
                                   (212) 490-4100
                                   jchubak@storchamini.com

                                   *Attorneys for Plaintiff*