UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDICAL IMAGING CORP., <br>             Plaintiff, <br><br> - against - <br><br> PARTNERS IMAGING HOLDINGS, LLC, <br>                     Defendants. | Case No. 1:17-cv-08495-SHS |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

Dated: November 30, 2017

Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Plaintiff*

Plaintiff submits this memorandum of law in opposition to Defendant's motion to dismiss, filed November 17, 2017 [ECF No. 7].

## BACKGROUND

Plaintiff alleged it entered into an Asset Purchase Agreement (the "APA," ECF No. 1-2) with Defendant, pursuant to which Defendant agreed to sell its interest in three diagnostic imaging companies (the "Companies") to Plaintiff.  (Complaint ¶5.)  Plaintiff further alleged that transaction closed on or about October 31, 2014.  (*Id*.)  Section 8.9 of the APA annexed to the Complaint gives New York courts exclusive jurisdiction over any action for breach of the same.

Plaintiff also alleged that contemporaneously with closing, it entered into a separate Billing Agreement with Defendant, the amendments to which also made the Companies party to the Billing Agreement.  (Complaint ¶6; Motion pp.27-49 of 49.)  Plaintiff further alleged that the parties' contractual relationship under the Billing Agreement commenced November 1, 2014, and continued through August 2016.  (Complaint ¶¶6, 16.)  Neither the Billing Agreement nor the APA gives New York courts jurisdiction over any claim for breach of the Billing Agreement.  Moreover, given that Defendant is a Florida LLC whose members are Florida citizens, this Court would lack personal jurisdiction over Defendant had Plaintiff asserted claims against them for breach of the Billing Agreement. (Complaint ¶3.)  And the Florida court would lack jurisdiction to adjudicate claims for breach of the APA, given Section 8.9 of the APA.

Plaintiff commenced an action against Defendant in New York County Supreme Court for breach of representations and warranties in the APA concerning licensure and outstanding taxes, and in Florida District Court for breach of the Billing Agreement and for an accounting with respect to services rendered thereunder.  Defendant subsequently removed the New York action to this Court.

1

**ARGUMENT**

**I.     THIS ACTION IS NOT BARRED BY THE RULE AGAINST CLAIM-SPLITTING**

Defendant argues this action should be dismissed on the ground that it violates the rule against claim splitting, which prohibit the simultaneous maintenance of different lawsuits concerning the same subject matter in different courts.  According to Defendant, the Florida action covers the same subject matter as this action because the claims in the Florida and New York Complaints arise out of the same transaction.   (Motion p.10 of 49.)

That is false.  As set forth above, the Florida action asserts claims for breach of the Billing Agreement, and this action asserts claims for breach of the APA.  That is, the two contracts are different (APA vs. Billing Agreement); the parties to the contracts (and actions) are different (Plaintiff and Defendant are the sole parties to this action, whereas the Companies are also Plaintiffs in the Florida action); the dates of the alleged breaches are different (representations and warranties as of October 31, 2014 vs. breaches between November 1, 2014 and August 2016); the Billing Agreement does not describe itself an amendment to the APA, and the APA does not reference the Billing Agreement even though the latter is dated October 31, 2014; and this Court would not even have jurisdiction over breach of Billing Agreement claims against Defendant, had Plaintiff asserted them herein, given the absence of contacts with New York.

Respectfully, the rule against claim splitting has no application, and Defendant's argument that said rules bars Plaintiff's claims for breach of representations and warranties in the APA must be rejected.  Defendant argues that denying its motion will present a res judicata issue; that is not true, as the Florida action does not hinge on the success of the New York action and vice versa. Nor can Defendant point to any specific factual issue that is appropriately decided by this Court or the Florida District Court.  Plaintiff should be permitted to litigate the question of whether the

2

release referenced its Complaint is unconscionable, an inherently factual inquiry not suitable for determination on a motion to dismiss.

## II.     THIS ACTION IS NOT BARRED FOR FAILURE TO STATE A CLAIM

Defendant argues the Complaint should be dismissed because <u>it</u> (not Plaintiff) did not need an AHCA license pre-closing. (Motion pp.11-12 of 49.)  This argument fails because the representation and warranty provision at issue asks whether Plaintiff had all licenses needed to operate the business at closing, not whether Defendant had all required licenses pre-closing. *See* APA § 3.9(c) ("Subject to the exceptions set forth in the Disclosure Schedule, Seller and each Company, jointly and severally, represent and warrant to Purchaser as follows … Schedule 3.9(c) of the Disclosure Schedule lists all Permits necessary for the conduct of the Business," with the term "Business" defined as "the provision of technical and medical services as they relate to all mobile diagnostic imaging modalities, including …" and the term "Permit" defined as "all licenses, permits, consents, approvals, registrations, qualifications and filings under any federal, state or local Laws or with any Governmental Entities").  Such provision would be pointless if the relevant inquiry were other than whether Plaintiff had all licenses required to operate the business on day one, post-closing.

## III.    IF COUNT 1 IS DISMISSED THE APPROPRIATE REMEDY IS REMAND, NOT DISMISSAL

Defendant argues that if this action is not dismissed in its entirety, but Count 1 is dismissed for failure to state a claim, then Count 2 should be dismissed for failure to meet this Court's jurisdictional limit. (Motion p.12 of 49.)  That argument should be rejected.  If Count 1 is dismissed, then the appropriate remedy is remand, not dismissal, particularly as Defendant (not Plaintiff) removed this action from State Court, and a without prejudice dismissal would

3

needlessly result in the commencement of an additional separate action for breach of the tax representation and warranty (Count 2 of the Complaint).

## CONCLUSION

The motion to dismiss should be denied in its entirety.  Moreover, given that the rule against claim splitting has no application, and that Defendant has offered no explanation why this action should be stayed under such rule (as opposed to dismissed), Defendant's alternative request that this action be stayed pending a determination of the Florida action should be denied.  Both counts asserted in the Complaint can be decided independently of whether Plaintiff prevails on its claims in the Florida action

Dated: November 30, 2017                                STORCH AMINI PC

/s/ Jeffrey Chubak
Jeffrey Chubak
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 30, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to counsel of record for Defendant.

                                                            /s/ Jeffrey Chubak