UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDICAL IMAGING CORP.,                    Docket No. 17 cv 8495

        Plaintiff,

vs.

PARTNERS IMAGING HOLDINGS, LLC,

        Defendant.

---

**DEFENDANT'S REPLY
MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

### A. Claim-Splitting

Plaintiff asserts that "claim splitting" is not applicable to this case essentially because it sued on two different agreements, the Asset Purchase Agreement (APA) in New York and the "Billing Agreement" in Florida. Plaintiff then asserts there would be no res judicata issues because the success of the New York action does not depend on the success of the Florida action and vice-versa. It is submitted Plaintiff's argument on the claim splitting doctrine fails to analyze the doctrine correctly.

As stated in the initial memorandum of law on Defendant's Motion to Dismiss: "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v Gerardi*, 655 F.3d 1212, 1216 (10th Cir. 2011). See, *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800 (1976) (As between federal district courts the general principle is to avoid duplicative litigation). "By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste "scarce judicial resources" and undermine "the efficient and comprehensive disposition of cases." *Hartsel Springs Ranch of Colo., Inc. v Bluegreen Corp.*, 296 F. 3d 982, 985 (10th Cir. 2002)." *Id.* at 1215. The claim splitting doctrine is distinct from but related to the doctrine of claim preclusion or res judicata. If a party is required to bring all causes of action it has against a defendant arising from a common set of facts in one lawsuit and it fails to do so, that party cannot later sue the same defendant for another cause of action based upon the same common set of facts. Principles of claim preclusion and res judicata prevent that from occurring. *Curtis v Citibank*, 226 F. 3d 133 (2d Cir. 2000). The claim preclusion bar "is based on the rule that a plaintiff must bring suit against the same defendant on all claims that relate to the same conduct, **transaction** or event at the same time." (emphasis supplied) *Curtis v Citibank*, supra, at 139.

2

The question then is whether the Florida Suit and New York Suit arise out of a common set of facts, conduct, transaction or event, not whether the claim on the APA (NY suit) can be litigated without affecting the claim on the Billing Agreement (the Florida suit). It is submitted the NY suit and Florida suit clearly arise out of a common set of facts as they both revolve around the entire APA transaction.

The Florida Suit was filed first on August 15, 2017, and the claims found in it arise from the transaction sued upon in the New York Suit. The Billing Agreement sued upon in the Florida suit was signed at the closing on the APA and was part of the transaction. The Florida Suit specifically alleges the facts surrounding the APA transaction which is alleged to be breached in the New York Suit (Florida Suit par. 5, 6, 7; New York Suit par. 5, 6, 7). The Florida Suit even alleges there was a breach of the APA for Defendant's failure to disclose it did not have an ACHA license, just like the New York Suit (Florida Suit par. 6 and 7; New York Suit par. 5, 6, 7, 21, 22, 23). The Florida Suit does not sue for breach of the APA even though it alleges Defendant breached the APA. Rather, the Florida Suit alleges a breach of the Professional Services Agreement signed at the closing on the APA and the subsequent amendments that include the release language in the Global Amendment Agreement (Exhibit 2 to the Florida Suit). The New York Suit recites the facts surrounding the entry by the parties into the APA, the Professional Services Agreement, the Global Amendment Agreement and release language therein, and then sues only for a breach of the APA while claiming the release in the Global Amendment Agreement is unconscionable (New York Suit par. 5-16, 20-22). Both the New York suit and the Florida suit will require a Court to review the facts surrounding the entire transaction, including the Global Amendment Agreement to determine if the release is unconscionable as alleged in the New York suit, or interpret the release language in the Florida

Suit. It is submitted the entire transaction will have to be reviewed in its entirety before a Court could determine a release to be unconscionable or interpret the release language. Should the Florida Suit be ruled upon first and Defendant win, Defendant would seek to dismiss the New York Suit on the ground of claim preclusion or res judicata. Plaintiff had a chance in the Florida Suit to assert the release is unconscionable and failed to do so. Plaintiff also had a chance to sue on the breach of the APA in the Florida Suit (which it alleges in the Florida Complaint, par. 5, 6, and 7) and did not do so. The same is true if the New York Suit is ruled upon first i.e. the Defendant would seek to dismiss the Florida Suit on the ground of claim preclusion or res judicata. Since both suits arose out of the same transaction and common facts it is submitted the claim preclusion/res judicata argument would be well taken. This is one reason the Courts do not allow claim splitting.

    This is not a venue argument as asserted by Plaintiff. Plaintiff brought its claims concerning the transaction surrounding the breach of the APA and related documents in Florida first. It had to bring all its claims surrounding the same transaction in this suit. Plaintiff submitted itself to the jurisdiction and venue of the Florida Federal Court. Plaintiff could have brought the New York Suit first and had all claims in the Florida suit in it but chose not to do so. As stated in *Curtis v Citibank*, *supra* at pages 138-139:

    Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions. (citations omitted). Of course, simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.

    It is submitted this case should be dismissed as Plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendant at the same time. Plaintiff can amend and bring its claim of breach of the APA in the Florida suit. There is still

time to amend in the Florida Suit. See the attached portion of the Case Management Order in the Florida Suit showing MIC has until January 12, 2018, to amend its pleadings.

### B. Failure to State a Claim

Plaintiff's alleged breach of the APA is that Defendant failed to disclose what permits **Plaintiff** needed to operate the business (par. 7 of the Complaint) specifically asserting the failure of Defendant to inform Plaintiff it needed an ACHA license. This allegation is based upon paragraph 3.9 (c) of the APA (par. 7 and 8 of the Complaint). This paragraph reads as follows:

(c) Schedule 3.9 (c) of the Disclosure Schedule sets forth a list of all material Permits that have been issued to the Companies, all of which are currently in effect. Schedule 3.9 (c) of the Disclosure Schedule list all Permits necessary for the conduct of the Business and (i) each such Permit is valid and in effect and each Company is in compliance with all Permits except where such non compliance would not be, individually or in the aggregate, material to such Company:

Schedule 3.9 (c) listed all material Permits issued to the Companies (the companies being sold) that were necessary for the conduct of the Business (no ACHA license was on the list). Defendant was the one operating the Business, not Plaintiff, and there is no argument Defendant could not operate the Business with the permits it disclosed. Plaintiff alleges Defendant did not need an ACHA license to operate its business as it had an exemption (page 2 of the Complaint, footnote 1).

Plaintiff is attempting to assert this language means Defendant was representing what permits Plaintiff needed to operate the Business. Plaintiff asserts Section 3.9 is meaningless if the relevant inquiry were other than whether Plaintiff had all licenses required to operate the business. This position is absurd. A Seller can only represent what it has. It does not represent what the Buyer might need as it does not know the Buyers business or what permits it might have.

5

The Defendant was providing a list of permits "that have been issued to the Companies", all of which were in effect; that they were all necessary for the conduct of the Business; and that each permit was valid and in effect except where it would not be necessary or material to the Company. The Companies are defined as the companies being purchased (see the first paragraph of the APA). The Business was Defendant's Business at the time of the representation and it did not need an ACHA license as it had an exemption (as alleged by Plaintiff). The list of permits was clearly not a list of what permits Plaintiff needed to operate the Companies but a list of permits issued to the Companies (the companies being sold by Defendant) that allowed them to do business.

Plaintiff was in the same business, medical imaging, as the Companies and should have known what permits it needed to operate the Business.

### C. Count II

If the Court agrees the Plaintiff has split its claims, then Count II should be dismissed and brought in the Florida Suit, just like Count I, by amending the pleadings in the Florida Suit. The doctrine of claim splitting applies to the State Courts as well as Federal Courts. If the Court does not agree the Plaintiff has split its claims but dismisses Count I with prejudice for failure to state a cause of action, then Count II should be remanded to the State Court as suggested by Plaintiff.

Dated: December 4, 2017

Respectfully submitted,
James H. Burgess, Jr., Esq.
Florida Bar No. 0280763
Attorney for Defendant Partners Imaging
Holdings, LLC
1776 Ringling Boulevard
Sarasota, FL 34236
Telephone: 941-366-3700
Facsimile: 941-366-0189
Email: jburgess@burgessharrell.com


BY:   s/James H. Burgess, Jr.
      James H. Burgess, Jr.


## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:


Jeffrey Chubak, Esquire
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, NY 10017 10017
Telephone: (212) 497-8247
Facsimile: (212) 490-4208
Email:jchubak@storchamini.com

Lance Grossman
11 Broadway-Suite 615
New York, NY 10004
Telephone: (212) 571-4649
Email: lsglawoffices@verizon.net


By:   s/James H. Burgess, Jr.
      James H. Burgess, Jr.
      Florida Bar No. 0280763

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL IMAGING CORP., PARTNERS
IMAGING CENTER OF VENICE LLC,
PARTNERS IMGAING CENTER OF
CHARLOTTE LLC and PARTNERS
IMAGING CENTER OF NAPLES LLC,

    Plaintiffs,

v.                                      Case No: 8:17-cv-1933-T-36TGW

PARTNERS IMAGING HOLDINGS LLC,

    Defendant.
_____

## CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the Case Management Report prepared by the parties (Dkt. 21), *see* Fed. R. Civ. P. 26(f) and Local Rule 3.05(c), the Court notes that the Report fails to designate a Court approved mediator. Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation with a mediator selected by the parties from a Court approved list of mediators. *See* Chapter Nine of the Local Rules for the United States District Court, Middle District of Florida, Tampa Division.

Therefore, upon consideration of the parties' Case Management Report, it is **ORDERED** that:

    1.    The parties shall confer and agree upon a Court approved mediator and shall have up to and including **fourteen (14) days** to file written notice informing the Court of the parties' selection; and

    2.    The Court enters this Case Management and Scheduling Order:

| | |
|---|---:|
| **Mandatory Initial Disclosures** | **DECEMBER 8, 2017** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Completed |
| **Motions to Add Parties or to Amend Pleadings** | **JANUARY 12, 2018** |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant: | **JULY 6, 2018**<br>**AUGUST 10, 2018** |
| **Discovery Deadline** | **SEPTEMBER 7, 2018** |
| **Dispositive Motions,** *Daubert*, **and** *Markman* **Motions** | **OCTOBER 5, 2018** |
| *Meeting In Person* **to Prepare Joint Final Pretrial Statement** | **JANUARY 11, 2019** |
| *Joint Final Pretrial Statement* **, (including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect® version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** | **JANUARY 22, 2019** |
| **All Other Motions Including Motions** *In Limine* | **JANUARY 29, 2019** |
| **Final Pretrial Conference**<br>Date:<br>Time:<br>Judge: | **FEBRUARY 19, 2019**<br>**3:00 PM**<br>**Charlene Edwards Honeywell Courtroom 13A** |
| **Trial Briefs and Deposition Designations** | **FEBRUARY 12, 2019** |
| **Trial Term Begins** | **MARCH 4, 2019** |
| **Estimated Length of Trial** | 2 days |
| **Jury/Non-Jury** | Non-Jury |

| Mediation | Deadline:<br>Mediator:<br>Address: | **SEPTEMBER 7, 2018** |
|---|---|---|
| **Designated Lead Counsel shall contact opposing counsel and the mediator to reserve a conference date and shall file a Notice with the Court within 14 days of this Order advising of the date.** | Telephone: | |
| **Designated Lead Counsel Pursuant to Local Rule 9.04(a)(3)** | Attorney Name: | Jeffrey Chubak |
| **Lead Counsel Telephone Number** | Telephone Number: | 212-497-8247 |

The purpose of this order is to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action. *See* FED. R. CIV. P. 1; Local Rule 1.01(b). This order controls the subsequent course of this proceeding. Fed.R.Civ.P. 16(b), (e). Counsel and all parties (both represented and pro se) shall comply with this order, with the Federal Rules of Civil Procedure, with the Local Rules of the United States District Court for the Middle District of Florida, and with the Administrative Procedures for Case Management/Electronic Case Filing. A copy of the Local Rules and Administrative Procedures may be viewed at http://www.flmd.uscourts.gov. Counsel shall also comply with the Ideals and Goals of Professionalism adopted by the Board of Governors of the Florida Bar on May 16, 1990 available at www.floridabar.org (Professional Practice – Henry Latimer Center for Professionalism); Local Rule 2.04(g).[1]

## I. DISCOVERY

    **A.**    **Certificate of Interested Persons and Corporate Disclosure Statement** – This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion,

---

[1] *See also* procedures for the presiding district judge found under Judicial Information at www.flmd.uscourts.gov